UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>DEWAYNE MORRIS, JR. (2)<br><br>                                    Defendant. | Case No.:  22CR1037 WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the motion for review of the detention order and request to set bond (ECF No. 65) filed by Defendant.

**FACTS**

On May 6, 2022, Defendant was charged by indictment with conspiracy in violation of 18 U.S.C. § 371; bank fraud in violation of 18 U.S.C. § 1344(2); and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  The Indictment charged six defendants with a scheme to convert Stolen Postal Money Orders with a potential value of more than five million dollars to their own use and the use of others.  The Indictment included a number of overt acts, including the following overt act n.

> In or about August 2018, defendant DEWAYNE MORRIS, JUNIOR, used eight of the Stolen Postal Money Orders to pay rent for his residence.  The entry of the date, issuing post office, and value printed on the eight Stolen

1

Postal Money Orders was falsely made to make them appear as if they had been lawfully issued by a post office, when in fact they had not.

ECF No. 1 at 8. An arrest warrant was issued.

On May 11, 2022, Defendant was arrested in the Central District of California. The following day, Defendant appeared in the District Court for the Central District of California. The Magistrate Judge set bond at $50,000, and imposed GPS monitoring and a curfew at the discretion of Pretrial Services. Defendant was release on bond.

On May 20, 2022, Defendant appeared before the Magistrate Judge for arraignment. The Magistrate Judge set bond and released Defendant on the same conditions set by the Magistrate Judge in the Central District of California.

On May 25, 2022, Defendant was charged by Complaint in 22 MJ 1855 with witness tampering in violation of 18 U.S.C. § 1512. The Complaint alleged that

> Between May 13, 2022, and continuing through at least May 23, 2022. Defendant DEWAYNE MORRIS, JUNIOR knowingly used intimidation, threatened, and corruptly persuaded another person, or attempted to do so, with the intent to influence, delay, and prevent the testimony of any person in an official proceeding, all in violation of Title 18, United States Code, section 1512(b)(1).
> At the time of the offense described above, Defendant DEWAYNE MORRIS, JUNIOR was released pursuant to Title 18, United States Code, Chapter 207, in the criminal case of *United States v. DEWAYNE MORRIS, JUNIOR (2)* et al., Case No. 22-CR-1037-WQH in the United States District Court for the Southern District of California.

22 MJ 1855, ECF No. 1. The Statement of Facts in support of the Complaint stated in part,

> According to the property manager of MORRIS's residence ("P.M."), MORRIS began contacting P.M. on or about May 13, 2022. P.M. reported to law enforcement that the contact consisted of multiple telephone calls, FaceTime calls, text messages, and unexpected visits from MORRIS at P.M.'s residence. In these various contacts, MORRIS accused P.M. of cooperating with law enforcement and being the source of the allegation in the Indictment that MORRIS paid his rent using postal money orders in August 2018.
> According to P.M., MORRIS offered to pay money to P.M. in exchange for P.M. writing a letter stating that MORRIS did not in fact pay his rent in

money orders.  MORRIS made this offer to P.M. on several occasions.  P.M. reportedly rejected MORRIS's offer.

*Id.*

On May 26, 2022, Defendant appeared before the Magistrate Judge.  Defendant was served with the Complaint charging witness tampering with an enhancement for committing a felony while on release.  Plaintiff United States moved for detention based on a risk of flight and danger to the community.  The Government asserted that Defendant threatened his property manager based upon Defendant's belief that the property manager cooperated with law enforcement and testified in front of the grand jury.  The Government asserted that a series of text messages between the Defendant and the property manager showed an offer to pay the witness money to change his testimony, a threat to destroy the witness's property, and a threat to injure the witness.  The Government asserted that the evidence detailed in the Complaint showed that Defendant presented a danger to the community and a serious risk of flight.  Defendant asserted that no credible threats were made in the text messages.  Defendant asserted that he has no criminal record, that he lives a peaceful life, and that electronic monitoring and curfew adequately protect the public and assure his appearance.  At the close of the hearing, the Magistrate Judge found that the Government had met its burden to show by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of another person or the community.  The Magistrate Judge ordered Defendant taken into custody and set the matter for further hearing regarding bond on May 31, 2022.

On May 26, 2022, the Magistrate Judge entered an Order of Detention Pending Trial finding by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.  The Magistrate Judge cited the weight of the evidence; the lengthy period of incarceration, if convicted; the participation in criminal activity while on supervision; and the new charges

involving witness tampering and threats of violence and one or more physical visits to the victim.

On May 30, 2022, Defendant filed a motion to reconsider bond release. Defendant asserted that the Statement of Facts presented in the Complaint is a misleading interpretation of the text messages and the interaction between Defendant and his property manager. Defendant asserted that the quoted statements were taken out of context and that the text messages were portrayed in a misleading manner. Defendant contends that he was within his rights to confront the property manager with the fact that he lied to the grand jury, and that he would be facing perjury charges. Defendant asserted that there were no physical threats of harm or violence and that he was no danger to anyone. Defendant asserted that he had a right to bail under the Eight Amendment to the United States Constitution.

On May 31, 2022, the Magistrate Judge held a second hearing addressing the motion for reconsideration of the detention order. At the start of the hearing, Defendant presented evidence of a 30 second video depicting an interaction between Defendant and the property manager recorded on May 16, 2022 around 11 o'clock in the morning while the property manager was collecting rent from Defendant. Defendant asserted that the interaction shows a person far from intimidation. Defendant asserted that the context of the text messages and the video show an ongoing friendship and a reasonable inquiry by the Defendant about the false testimony of the property manager. Defendant asserted that there is no indication that he would do anything going forward, and that his detention pending trial is punitive. The Government asserted that Defendant had violated the conditions of his release from custody, that Defendant has been charged with a new violation of law, and that Defendant's release presented a risk to co-defendants, and others involved in the case.

The Magistrate Judge stated that "nothing that you've put before me leads me to conclude that my detention order was improvidently issued." (ECF No. 15 at 17). The Magistrate Judge reaffirmed the presumption of innocence, and reviewed the evidence and the narrative presented by the Defendant. The Magistrate Judge stated,

> The communications that have been put before are not the innocent communications of someone merely urging someone to provide truthful testimony. They reflect intimidation. They reflect threats. They reflect the destruction of property, punitive destruction of property.
> [I]t is difficult for the court to concede how Mr. Morris, in light of the conditions of his release, thought it was appropriate to take it upon himself to have these kinds of communications with someone he believed was a witness against him. These are not the steps that are taken to urge someone to tell the truth. These are steps taken most consistently with someone who is seeking to intimidate somebody.

*Id*. Defendant addressed the Magistrate Judge and denied an intent to threaten the property manager. Defendant explained the context of his text messages and interactions with the property manager as well as his assertion that the property manager had committed perjury. At the close of the hearing, the Magistrate Judge reaffirmed the detention order.

On June 3, 2022, Defendant was charged by the grand jury in a superseding indictment with an additional charge of witness tampering in violation of 18 U.S.C. § 3147, a felony offense committed while on release.

On June 6, 2022, Defendant filed an appeal of the detention order. Defendant asserts that he did not threaten the property manager and did not intend to delay or prevent the testimony of the property manager. Defendant asserts that he contacted the property manager because he believed the property manager had entered his apartment without his consent and that the property manager trashed his personal gym. Defendant asserts that he confronted the property manager for those actions and that he told the property manager that he suspected that the property manager had lied to the grand jury. Defendant asserts that he did not threaten the property manager. Defendant contends that the presumption of innocence, his lack of any criminal record, and his strong ties to family and the community show that he deserves release on bond pending trial. Defendant contends that there are conditions appropriate to ensure his appearance as required and enable him to prepare for trial, provide for his family and remain employed while awaiting trial.

Plaintiff United States asserts that the facts and circumstances of this case support the order of detention. The Government contends that the Magistrate Judge conducted two hearings and correctly concluded that there was clear and convincing evidence that Defendant posed a danger to others in the community.

## APPLICABLE LAW

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where "after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community" 18 U.S.C. § 3142(e). 18 U.S.C. § 3142(f)(2), provides for a hearing upon the motion of the Government in a case that involves "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). The statute provides, "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of and other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2).

Defendant filed a "motion for revocation or amendment of the order" of detention as provided in 18 U.S.C. § 3145(b). This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order, with no deference to the magistrate's ultimate conclusion. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court is required to make an "individualized determination" under the Bail Reform Act. *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant, and protect the community; including the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the Defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

**RULING OF THE COURT**

The Magistrate Judge properly conducted a detention hearing pursuant to 18 U.S.C. § 3142(f) and considered each of the factors set forth in Section 3142(g). The Magistrate Judge reviewed the evidence and found that "[t]he communications that have been put before are not the innocent communications of someone merely urging someone to provide truthful testimony. They reflect intimidation. They reflect threats. They reflect the destruction of property, punitive destruction of property. " (ECF No. 15 at 17). The Magistrate Judge concluded that Government had met its burden to show by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of another person or the community and entered an Order of Detention Pending Trial. (22 MJ 1855, ECF No. 9). After *de novo* review of the record, the Court finds that the evidence presented supports the conclusion that the communications of the Defendant to the property manager reflect an effort to threaten and intimidate a perceived witness.

The presumption of innocence and the lack of criminal history support release pending trial in this case. Defendant was released pending trial. The day after his release, Defendant began contacting his property manager, the individual Defendant believed to be cooperating with law enforcement and to have testified at the grand jury.

Defendant was initially charged on May 6, 2022 in the Indictment with serious felony offenses, including conspiracy to commit bank fraud, bank fraud, and aggravated identity theft. Defendant was arrested on May 11, 2022 and released on May 12, 2022 after bond was set. On May 13, 2022, Defendant sent a text message to the property manager stating in part, "In your best interest to hear me" "it's not about my unit It's about u." (ECF No. 65). The following day, May 14, Defendant sent a text message to the property manager stating in part "I've have never paid rent with a money order I have never given you any type of money order." *Id.* On May 15, Defendant sent a text message stating in part, "U made a statement to them And you gonna have to stand on it." *Id.* On May 16, Defendant sent the property manager a screen shot of the overt act in the indictment

Defendant believed referred to testimony of the property manager that Defendant used postal money orders to pay his rent in 2018.  On May 17, Defendant sent text massage to the property manager stating in part "Yo call me now" "Stop playing right now This is 911." *Id.*

On May 23, Defendant began a series of text messages with the property manager relating to property that the manager had left in Defendant's gym space.  Defendant stated "I'm throwing the shit away as we speak" "Went down to San Diego and perjured yourself to the grand jury…thought I wouldn't find out U fucking lied on me."  After receiving the response from the property manager "Don't know what ur talking about", Defendant replied,

> Lol ok get playing dumb u won't be on no plane sun
> I guarantee that" …
> "I pay my rent to Burlingame Properties not [the property manager]
> [property manager] has never had the authority to negotiate anything on behalf of Steve Miller and Burlingame properties in his own account
> I'm highly intelligent and get to the bottom of things quickly
> You took your ass down to San Diego in lied in a federal court to grand jury
> …
> They sent you a subpoena
> Scared you into lying …
> Perjury is a 5year max sentence minimum 12-15 months

*Id*.  The grand jury subsequently found probable cause to charge the Defendant with witness tampering based in part upon the evidence presented to the Magistrate Judge at the detention hearing.

The charged offenses carry serious penalties, including a mandatory minimum sentence of two-years imprisonment for aggravated identity theft that must run consecutive to any underlying offense.  Defendant faces serious charges with severe punishment.  The superseding indictment added the charge of witness tampering which could significantly increase any guideline range calculation.  Defendant has two prior arrests for incidents involving domestic violence and the record shows clear and convincing evidence of efforts

by Defendant to threaten and intimidate a potential witness.  Defendant began contacting the potential witness within a day of his release from custody with telephone calls, Facetime calls, text messages, and visits.  In his text messages, Defendant directly connected the purpose of his communications with the overt act alleged in the indictment.  Defendant sought to pressure the potential witness to recant testimony Defendant claimed that the property manager gave in front of the grand jury.  Defendant sent the potential witness the portion of the indictment relating to the facts within the knowledge of the property manager and used threats and intimidation to demand that the property manager recant the purported statements.  The facts in the record demonstrate that the Government had met its burden to show by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of another person or the community.  Detention prior to trial pursuant to 18 U.S.C. § 3142 is ordered.

     IT IS HEREBY ORDERED that the motion for review of the detention order and request to set bond (ECF No. 65) is denied.

Dated: June 13, 2022

Hon. William Q. Hayes
United States District Court