UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-1037-WQH |
| Plaintiff, | **ORDER** |
| v. | |
| DEWAYNE MORRIS, JUNIOR (2), | |
| Defendant. | |

The matter before the Court is Defendant Dewayne Morris, Junior's objection to the Presentence Investigation Report ("PSR") failing to recommend a two-level reduction for "zero-point offender" pursuant to U.S. Sentencing Guidelines § 4C1.1. (*See* ECF No. 408 at 5.) On November 25, 2024, Morris Junior filed supplemental briefing explaining his position on this issue. (ECF No. 442.) On December 16, 2024, the Government filed a brief in response. (ECF No. 444.)

Section 4C1.1 of the Guidelines Manual effective November 1, 2024, is known as the "zero-point offender" provision. This provision states that a 2-level decrease is warranted "[i]f the defendant meets *all* of the following criteria," which is followed by an 11-item list. Item 10 on the list is: "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)." Because the Court has found that Morris Junior receives an upward adjustment for aggravating role under U.S. Sentencing Guidelines § 3B1.1,[1] the

---

[1] As the Court stated during the first sentencing hearing, the Court finds that a four-level increase pursuant to U.S.S.G. §3B1.1(a) is warranted because Morris Junior "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." (*See* PSR ¶¶ 79-80; ECF No. 418 at 7-9.) The evidence at trial showed that Morris Junior was responsible for recruiting at least five co-conspirators, providing them with altered postal money orders (and in some cases, counterfeit driver's licenses), travelling with co-conspirators as they converted the money orders to cash, collecting a significant amount of the cash proceeds from co-conspirators, and funneling some of the proceeds to Morris

Court finds that Morris Junior cannot qualify for a decrease for zero-point offender under the November 2024 version of the Guidelines in effect at the time of sentencing.

Morris Junior contends that the Court should not use the November 2024 version of the Guidelines because doing so would violate the *ex post facto* clause of the Constitution. Section 1B1.11 of the Guidelines states that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced," but "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." Here, the offenses of conviction were committed between 2016 and 2022. The versions of the Guidelines that were in effect during those dates did not contain any adjustment for zero-point offenders, i.e., offenders with no criminal history points. Accordingly, Morris Junior would be ineligible for a zero-point offender reduction under the versions of the Guidelines in effect on the dates when his offenses of conviction were committed.

Morris Junior contends that the Court should apply the 2023 version of the Guidelines, which introduced the zero-point offender provision and was in effect at the time of his conviction. Morris Junior offers no legal support for this position that the Court should apply the version of the Guidelines in effect on the date of conviction, as opposed to the date of his sentencing, *see* U.S.S.G. § 1B1.11(a), or the date when the offense was committed, *see* U.S.S.G. § 1B1.11(b)(1). Moreover, even if the Court were to consider the zero-point offender provision in the 2023 version of the Guidelines, Morris Junior would nonetheless be ineligible. The 2023 version of the zero-point offender provision stated that a 2-level decrease is warranted "[i]f the defendant meets all of the following criteria," which was followed by a list culminating with: "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." This language in the November 2023

---

Senior. The evidence at trial showed that Morris Junior was the organizer or leader of at least five co-conspirators and a four-level increase for aggravating role pursuant to §3B1.1(a) is appropriate.

version of the zero-point offender provision is structured in the same manner as the language in the safety-valve provision interpreted by the Supreme Court in *Pulsifer v. United States*, 601 U.S. 124 (2024). The Supreme Court in *Pulsifer* read the list in the safety valve provision in the disjunctive, despite there being the word "and" between the final two items in the list. After *Pulsifer*, every court to have considered the issue has read the list in the November 2023 version of zero-point offender provision in the disjunctive. *See, e.g.*, *United States v. Duren*, No. 3:16-CR-02892-JAH, 2024 WL 3883492, at *5 (S.D. Cal. Aug. 19, 2024); *United States v. Arroyo-Mata*, No. 09-13, 2024 WL 1367796, *2 n.6 (N.D. Ga. Apr. 1, 2024) (collecting cases). Consistent with the reasoning of *Pulsifer*, even if the November 2023 version of the zero-point offender provision applied, the Court would find that Morris Junior cannot qualify for a decrease for zero-point offender under § 4C1.1 because the Court has found that Morris Junior receives an upward adjustment for aggravating role under § 3B1.1. And like the Supreme Court in *Pulsifer*, the Court would not find the language in the November 2023 version of the zero-point offender provision to be ambiguous, and therefore the rule of lenity would not apply. *See Pulsifer*, 601 U.S. at 152–53. Accordingly, applying the November 2024 version of the Guidelines does not implicate the *ex post facto* clause. The Court applies the November 2024 version of the Guidelines, *see* U.S.S.G. § 1B1.11(a), and finds that Morris Junior does not qualify for a decrease for zero-point offender.

For the above-stated reasons and for the reasons stated at the sentencing hearings, IT IS HEREBY ORDERED that the Court overrules Morris Junior's objection and finds that Morris Junior does not qualify for an adjustment for zero-point offender under § 4C1.1.

Dated: January 8, 2025

Hon. William Q. Hayes
United States District Court